PER CURIAM.
The state appeals from an order setting aside Baker’s conviction for aggravated assault with a firearm, following a hearing on his motions for post-conviction relief. Fla.R.Crim.P. 3.850. The trial court found that Baker’s trial counsel was sufficiently inept as to merit a new trial pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We disagree.
After carefully reviewing the record, we do not think the nineteen grounds asserted by Baker as demonstrating his counsel's inadequate representation constitute poor professional performance, or if a few grounds have facial merit, that any prejudice to Baker was demonstrated which affected the outcome of the trial. We also conclude no fundamental error occurred with regard to the trial court’s imposition of a mandatory minimum sentence pursuant to section 775.087(2), Fla.Stat. (1985). Accordingly, we reverse the trial court’s order and reinstate the sentence and judgment of conviction.
SHARP, C.J., and COBB and COWART, JJ., concur.